MARY P. HOOK, AS TRUSTEE OF CHARLES H. HOOK,. RESPONDENT, v. DANIEL PRATT AND OTHERS, EXECUTORS, ETC. OF JAMES P. HASKIN, DECEASED APPELLANTS.

*Draft — when a consideration appears upon its face — Promise to pay for support of illegitimate child — when valid.*

Defendant's testator drew a draft for $5,000, payable to his own order, for value received, and indorsed the same: "Pay to the order of Mrs. Mary Hook, 35 King, for the benefit of her son Charlie." Mrs. Hook was, at the time, living with her husband, at Rochester, and had a child, some seven years old, who was claimed by her, and admitted by the testator, to be his illegitimate son. In an action by Mary Hook upon the draft, *held*, that the draft imported a consideration upon its face.

*Semble*, that, in any event, it was evidence of a promise to pay to the mother of the child the money which she should expend in his support, at least to the amount of the income of the fund derived from the proceeds of the draft, during his minority, and that such promise could be enforced.

APPEAL from a judgment entered on the decision of the court, on a trial at the Onondaga Circuit, without a jury.

The action is on a draft, made and indorsed by the defendant's testator, in the following words:

"$5,000."                    "SYRACUSE, N. Y., *Sept.* 13, 1870.

"Orrin Welch, Treas. Morris Run Coal Co., pay to the order. of myself, one year after date, five thousand dollars, for value received.

(Signed)                    "J. P. HASKIN.

(Indorsed) "Pay to the order of Mrs. Mary Hook, 35 King, for the benefit of her son Charlie.

(Signed)                    "J. P. HASKIN."

It appeared at the trial that Charlie Hook, referred to in the indorsement, was a boy, seven or eight years old at the date of the draft, living with and taken care of by the plaintiff, his mother, who was then married and living with her husband, in Rochester. The boy was claimed by the plaintiff, and admitted by Haskin to be the illegitimate son of Haskin. The husband of the plaintiff was made a party defendant in this action.

The court decided that the plaintiff was entitled to recover on the draft.

*D. Pratt*, for the appellants.

*Irving G. Vann*, for the respondent.

SMITH, J.:

The only question in this case is whether the paper sued on imports a consideration, in view of the restrictive character of the indorsement, or if it does not, whether a consideration was proved.

We concur in the conclusion of the judge at the Circuit, that the paper imports a consideration on its face.

We are also prepared to hold, if it were necessary to the disposition of the case, that in view of the circumstances attending the making of the draft and indorsement, the bill is evidence of a promise by the drawer to pay the mother of the child the money which she should expend in his support, at least to the amount of the income of the fund derived from the proceeds of the bill during the minority of the child. The promise of the father of an illegitimate child, who acknowledges the child as his own, to pay the mother with whom the child lives for its support, is founded upon a sufficient consideration. (*Hicks* v. *Gregory*, 8 C. B., 378; *Smith* v. *Roche*, 6 C. B. [N. S.], 223; *Hesketh* v. *Gowing*, 5 Esp., 131; *Nichole* v. *Allen*, 3 C. & P., 36; *Jennings* v. *Brown*, 9 Mees. & Wels., 496; *Bunn* v. *Winthrop*, 1 Johns. Ch. 329.)

The judgment should be affirmed.

Present — TALCOTT, P. J., SMITH and HARDIN, JJ.

Judgment affirmed.